UNITED STATES DISTRICT COUR
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

PANNAGA PRASAD,

    Plaintiff,

-vs-

CONVERGENT OUTSOURCING,
INC,

    Defendant.
_____/

CASE NO.:

## **COMPLAINT**

COMES NOW Plaintiff, Pannaga Prasad, by and through the undersigned counsel, and sues Defendant, Convergent Outsourcing, Inc., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Texas Debt Collection Act, ("TDCA"), TEX. FIN. CODE §392., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## **INTRODUCTION**

1.    The TCPA was enacted to prevent companies like Convergent Outsourcing, Inc. ("Convergent") from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

4. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and FDCPA.

5. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

6. The alleged violations described herein occurred in San Antonio, Texas. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

7. Plaintiff is a natural person, and citizen of the State of Texas, residing in San Antonio, Texas.

8. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3).

9. Plaintiff is an "alleged debtor."

10. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

11. Convergent is a corporation with its principal place of business located at 21700 Oxnard Street, Suite 1400, Woodland Hills, California, 91367, and which conducts business in the State of Texas through its registered agent, CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

13. The debt that is the subject matter of this complaint is a "consumer debt" as defined by U.S.C. § 1692(a)(5).

14. Convergent called Plaintiff on Plaintiff's cellular telephone hundreds of times in an attempt to collect a debt that belongs to an unknown third party.

15. Convergent attempted to collect an alleged debt from the Plaintiff by this campaign of telephone calls.

16. Convergent intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

17. Some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number

generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

18. Plaintiff will testify that she knew it was an ATDS because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line, which is a commonly known indicator of the use of an ATDS.

19. Furthermore, Plaintiff received prerecorded messages from Convergent. Each of these messages was an identical recording transmitting the same recorded message to Plaintiff via her voice mail box.

20. Based on the aforementioned allegations, Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically.

21. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (210) ***-0394 and was the called party and recipient of Defendant's calls.

22. Convergent placed an exorbitant number of automated and pre-recorded calls to Plaintiff's cellular telephone (210) ***-0394 * in an attempt to reach an unknown third party.

23. The account Convergent was calling Plaintiff about does not belong to Plaintiff.

24. Plaintiff does not currently have any account or business dealings with Defendant.

25. On several occasions since the calls began, Plaintiff instructed Convergent's agent(s) to stop calling her cellular telephone as they had the wrong number.

26. Convergent has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

27. Convergent has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call despite being requested to stop.

28. None of Convergent's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29. Convergent willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

30. From each and every call placed without express consent by Convergent to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

31. Each and every call placed without express consent by to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

32. Each and every call placed without express consent by Convergent to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

33. Each and every call placed without express consent by Convergent to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

34. As a result of the calls described above, Plaintiff suffered an invasion of privacy.

35. Plaintiff was also affected in a personal and individualized way by worry, waste of her personal time, stress, nervousness, embarrassment, frustration and aggravation.

## COUNT I
### (Violation of the TCPA)

36. Plaintiff fully incorporates and realleges paragraphs 1 through 35 as if fully set forth herein.

37. Convergent willfully violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified that she wished for the calls to stop.

38. Convergent repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FDCPA)

39. Plaintiff fully incorporates and realleges paragraphs 1 through 35 as if fully set forth herein.

40. At all times relevant to this action Convergent is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

41. Convergent has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

42. Convergent has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

43. Convergent has violated 15 U.S.C. § 1692(c)(a)(2) by contacting Plaintiff directly after being on notice she was represented by an attorney.

44. Specifically, Convergent send a letter to Plaintiff in response to a pre-litigation demand letter sent directly from Plaintiff's attorney to Convergent.

45. Convergent has violated 15 U.S.C. § 1692(f)(1) by attempting to collect a debt not permitted by law.

46. Specifically, Convergent was attempting to collect a debt that did not belong to Plaintiff.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
### (Violation of the TDCA)

47. Plaintiff fully incorporates and re-alleges paragraphs 1-35 as if set forth fully herein.

48. For purposes of the TDCA, the term debt collection means any action, conduct, or practice in collecting consumer debts that are due or alleged to be due.

49. The foregoing acts and omissions of Defendant constitute a violation of the TDCA: causing a telephone to ring repeatedly or continuously, or making continuous phone calls with the intent to harass the person at the called number.

50. The actions of Defendant created a substantial disruption in Plaintiff's daily routine, including but not limited to interrupting Plaintiff's daily routine.

51. As a result of Defendant's violations of the TDCA, Plaintiff should be awarded statutory damages, actual damages, and her attorney's fees and costs.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other

such relief the court may deem just and proper.

                              Respectfully submitted,

                              */s/ **William W. Holtz***
William W. Holtz, Esq.
Texas Bar No.: 24092533
Holtz Law Firm
4054 McKinney Avenue, Suite 310
Dallas, Texas 75204
Telephone: (832) 746-4041
Facsimile: (713) 467-1399
*Primary Email: wholtz@holtzlegal.com*
*Local Counsel for Plaintiff*